**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY D. BILASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00567-MTS |
| | ) | |
| MICHAEL KEHOE, *in his official capacity* | ) | |
| *as Governor of Missouri, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is *pro se* Plaintiff Timothy D. Bilash's Emergency Motion for Temporary Restraining Order.  Doc. [2].  Bilash states that he is "a registered candidate for the U.S. House of Representatives in the Second District of Missouri." *Id.* at 2.  He asks that the Court enter an "Emergency Declaratory Judgment that the current state of redistricting is unconstitutionally unstable as applied to the 2026 cycle" and grant a temporary restraining order "mandating that Defendants maintain the [district] boundaries as they existed on February 24, 2026." *Id.* at 4.  After a complete review of all Plaintiff's filings, and on due consideration of the proper factors, the Court will deny his Motion.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (setting out the now-familiar four factors to consider).[*]

Plaintiff has not sufficiently shown that he has any likelihood of success on the merits of any of his claims.  Of the four *Dataphase* factors, likelihood of success on the merits is the "most significant" because "an injunction cannot issue if there is no chance of success on the

---

[*] In addition, the Court finds that a hearing is unnecessary to resolve Plaintiff's Motion.  *See Eason v. Trueblood*, 1:26-cv-0072-MTS, 2026 WL 1020707, at *3 (E.D. Mo. Apr. 15, 2026) (citing *United States v. Myers*, 503 F.3d 676, 682 (8th Cir. 2007) ("The district court has broad discretion in deciding whether to hold a hearing.")).

merits." *See Firearms Regul. Accountability Coal., Inc. v. Garland*, 112 F.4th 507, 517 (8th Cir. 2024). Thus, his failure to make this showing, standing alone, is sufficient to deny his Motion.

In any event, even if Plaintiff succeeds on the merits, he has failed to demonstrate that he is facing irreparable harm sufficient to warrant preliminary injunctive relief. *See Dataphase*, 640 F.2d at 114 n.9; *accord Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). Without any explanation, Plaintiff fleetingly refers to his "significant, unrecoverable costs campaigning within a shifting jurisdictional vacuum." Doc. [2] at 3. While the United States Court of Appeals for the Eighth Circuit has noted that an "unrecoverable economic loss" can "qualify as irreparable harm," *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996), Plaintiff wholly fails to explain what costs he is incurring because of Defendants' alleged wrongdoing. Thus, even if Plaintiff's costs were unrecoverable and would constitute irreparable injury supporting preliminary injunctive relief, *see Missouri v. Trump*, 128 F.4th 979, 996 (8th Cir. 2025) (recognizing that the inability to recover monetary losses due to sovereign immunity can constitute irreparable injury), Plaintiff has failed to show that he is incurring any.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Timothy D. Bilash's Emergency Motion for Temporary Restraining Order, Doc. [2], is **DENIED**.

Dated this 17th day of April 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -